IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs December 18, 2018

## STATE OF TENNESSEE v. JOSHUA HILL

**Appeal from the Criminal Court for Knox County**
**No. 104231   G. Scott Green, Judge**

_____

### No. E2018-00619-CCA-R3-CD

_____

The Defendant, Joshua Hill, appeals the trial court's revocation of his probation, arguing that the court should have imposed an alternative sentence rather than ordering him to serve the balance of his original sentence incarcerated and therefore abused its discretion. After thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Joshua D. Hedrick, Knoxville, Tennessee, for the appellant, Joshua Hill.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Charme P. Allen, District Attorney General; and Deborah Malone, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

A Knox County grand jury indicted the Defendant for aggravated assault and domestic assault on September 24, 2014, following his arrest for stabbing his mother in the neck. On March 9, 2015, the Defendant pled guilty to aggravated assault after the other charge was dismissed, and he was sentenced to a three-year term of split confinement with 239 days of jail credit. The remainder of his sentence was to be served on probation. On September 16, 2015, a violation of probation report was filed with the trial court, stating that the Defendant had changed his address without notifying his

probation officer, had failed to report to his probation officer in July and August, and had failed to pay the requisite court costs and supervision fees.

After taking the Defendant into custody after searching for him for two years, the trial court held a violation of probation hearing on November 9, 2017. The Defendant affirmed that he had committed the alleged violations of his probation, and the trial court referred him to Enhanced Probation and to the Community Alternative to Prison Program ("CAPP") for "post-investigation and report." He was also referred to Samantha Monday, a case manager with the Knox County Jail. Following evaluations, both Enhanced Probation and CAPP declined to recommend him for placement in their respective programs.

The Enhanced Probation evaluator reported that the Defendant was not a suitable candidate for the program because "he absconded for approximately [2] years from regular State Probation, and he also could not give [the] officer any positive reassurance that he could complete Enhanced Probation. It seems unlikely that he would be successful on Enhanced Probation." The CAPP evaluator reported that the Defendant was potentially ineligible for CAPP placement because of the violence of his offense. The evaluator further stated,

> CAPP is concerned that [the Defendant] is a multi-state offender (Georgia and Tennessee), as well as a multi-county offender (Blount, Jefferson, and Knox) with a history of Assault, Domestic Violence, and a poor history on supervision. Given these facts, along with the extreme use of violence in his current charge, CAPP believes he creates a danger to the public[.]

After conducting her own evaluation, Ms. Monday reported that the Defendant had "very little support system," and needed to undergo a mental health assessment, advising that he follow all recommendations from such an assessment and that he "inquire about case management and assistance with housing from the agency he receives mental health treatment from." She further reported that he needed to undergo trauma based therapy, but felt "concerned that [the Defendant] is reluctant to undergo trauma based therapy[,] but it is extremely needed."

The trial court held a probation revocation hearing on March 29, 2018. The Defendant conceded that he violated his probation. Though the Defendant argued that he had done well on probation, the State noted that the Defendant was only compliant with the terms of his probation for six months before he admittedly said, "[S]crew it" and "went on the run" for two years following a train derailment that caused the evacuation of his home. The Defendant did no present any proof. Following the close of all proof, the

trial court revoked the Defendant's probation in full and ordered him to serve the remainder of his three-year sentence in the Department of Correction.

## ANALYSIS

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by a preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311. The revocation of probation lies within the sound discretion of the trial court. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App.1980)). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)). We review this issue, therefore, for an abuse of discretion.

At the conclusion of the probation revocation hearing, the trial court found that the Defendant had violated the terms of his probation based on his admitting to the allegations in the probation violation report. As the State points out, this court has previously explained that a defendant's "admission of a violation itself has been held to be 'substantial evidence' that the violation took place." State v. Glendall D. Verner, No. M2014-02339-CCA-R3-CD, 2016 WL 3192819, at *7 (Tenn. Crim. App. May 31, 2016) (citations omitted), perm. app. denied (Tenn. Sept. 30, 2016). The Defendant offered no proof to contradict his concession that he had violated the terms of his probation. Therefore, there was substantial evidence in the record that the Defendant had violated his probation by a preponderance of the evidence.

Upon a finding that a violation has occurred, the trial court may, in its discretion, either: (1) order incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the probationary period by up to two years. See State v. Hunter, 1 S.W.3d 643, 644 (Tenn. 1999); see also Tenn. Code Ann. §§ 40-35-310, -311(e), -308(c) (2014). "[A]n accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999), perm. app. denied (Tenn. June 28, 1999); see also State v. Markquitton Sanders, No. M2010

02212-CCA-R3-CD, 2011 WL 4529655, at *2 (Tenn. Crim. App. Sept. 29, 2011), perm. app. denied (Tenn. Nov. 17, 2011).

The Defendant argues that, despite his admission of violating the terms of his probation, the trial court abused its discretion in revoking his probation based on the refusal of Enhanced Probation and CAPP to recommend him for placement in their respective programs. The Defendant argues that the trial court essentially "sen[t] him to prison due to a lack of insightfulness and a lack of skill in articulating his thoughts" and should have instead given him a "stricter form of supervision[.]" He further argues that "[b]ecause there was not substantial support in the evidence to justify the ruling of the trial court in denying [the Defendant] placement on [sic] CAPP, [the revocation] should be reversed." However, the Defendant fails to acknowledge that upon finding that a probation violation has occurred, the trial court had discretion to order him to serve the rest of his sentence incarcerated. See Hunter, 1 S.W.3d at 644. He further fails to recognize that he is not automatically entitled to receive alternative sentencing or another grant of probation following his violation of probation. See Jeffrey A. Warfield, 1999 WL 61065, at *2.

Regardless of the outcomes of Enhanced Probation's and CAPP's evaluations, the trial court has only abused its discretion if the record contains no substantial evidence that a probation violation has occurred. As we have already stated, the Defendant's own admission of a probation violation is sufficient to establish the requisite substantial evidence. In revoking his probation, the trial court stated:

> [P]art of the function of what I have to do here is to look at not only the nature of the violation, but also the underlying conduct which led us to be here in the first place.
>
> . . . .
>
> You were given the minimum sentence for a Class C felony conviction because you stabbed your mother in the neck with enough severity that you believed when you talked to other family members that you had killed her.
>
> . . . .
>
> You were given an opportunity for probation. A revocation warrant was initiated and then you blew into the wind for a couple of years and we didn't know where you were or what you were doing. I have to consider not only what you've done in this case, all of your circumstances, but I have to consider as well the facts which led to the original judgment of conviction in this case. When I do that, I don't have any choice here. I can't run the risk that you're going to be out there when you're not following probation. When I can't count on the fact that you're going to be

- 4 -

doing what you're supposed to do and someone's going to be looking over your shoulder. I can't run the risk that you're going to hurt somebody else.

As we have laid out, the Defendant admitted to a violation of probation after being "on the run" for two years. Such an admission is substantial evidence that a violation of probation has occurred. As such, the trial court clearly acted within its discretion in revoking the Defendant's probation after finding that he had violated its terms and ordering him to serve his sentence incarcerated. The Defendant was not entitled to alternative sentencing or another grant of probation. This issue is without merit.

## **CONCLUSION**

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the Defendant's probation and ordering the balance of his sentence to be served in the Tennessee Department of Correction.

                               _____

                               ALAN E. GLENN, JUDGE